HORNSBY, Chief Justice
(concurring specially):
I recognize that the Court today effectively overrules the holding on the second issue discussed in Town of North Courtland v. Town of Courtland, 597 So.2d 1336 (Ala.1992). In that case, the Court reversed the trial court’s holding that Courtland was not obligated to “share” any moneys it received from the TVA as in-lieu-of-tax payments under the TVA contract with Courtland, based on the rationale set out in Rutherford County v. City of Murfreesboro, 205 Tenn. 362, 326 S.W.2d 653, cert. denied, 361 U.S. 919, 80 S.Ct. 257, 4 L.Ed.2d 187 (1959). On remand, the trial court again entered a summary judgment for Courtland, based on the evidence that no such moneys were available and none had been available for the past 23 years. In today’s opinion, the Court has determined that its initial holding, based on Rutherford, did not comport with the actual treatment of payments in lieu of tax and adopted the rationale of City of Tullahoma v. Coffee County, Tennessee, 328 F.2d 683 (6th Cir.1964). In short, the Court today holds that Courtland has no duty or obligation to share any moneys it receives from TVA in lieu of taxes.
I concur in this holding because I believe that the policy reasons for the Rutherford rationale no longer apply. Although North Courtland no longer has any right to participate in in-lieu-of-tax payments under Rutherford, it may now be able to properly impose a business privilege tax upon the Town of Courtland for distribution of TVA power to North Courtland. See my special concurrence in City of Arab v. Cherokee Electric Cooperative, [Ms. 1930788, June 30, 1995] — So.2d - (Ala.1995).